**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSE L. FIGUEROA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ASHFORD HOUSE RESTAURANT &** | ) |
| **BAR, INC. and MICHAEL WINSTON,** | ) |
| **individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Jose L. Figueroa, by and through his attorneys, for his Complaint against S & K Cleaners, Inc. (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4.     Plaintiff Jose L. Figueroa resides and is domiciled in this judicial district.

1

5.     Plaintiff Jose L. Figueroa is a former employee of Defendants.  During the course of his employment, Plaintiff Jose L. Figueroa handled goods that moved in interstate commerce and performed non-exempt work.

6.      Defendant Ashford House Restaurant & Bar, Inc. (hereinafter "Ashford House") is a corporation doing business within this judicial district.  Defendant Ashford House is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.     Defendant Ashford House was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

8.     Defendant Michael Winston is the President of Ashford House.

9.     Defendant Michael Winston is involved in the day-to-day business operations of Ashford House.  Among other things, Defendant Winston has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

10.     Defendant Winston was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

11.     Defendants operate Ashford House a restaurant located at 7959 W. 159th Street in Tinley Park, Illinois.

12.     Plaintiff Jose L. Figueroa worked for Defendants as a cook from 2005 until February 2016.

2

13.    Throughout Plaintiff's employment with the Defendants, the Defendants routinely and as a matter of practice and policy required Plaintiff to work more than 40 hours per week, but then failed and refused to pay him the overtime premium rate of one and one half times his regular rate for all hours worked in excess of 40.

14.    In an effort to conceal the lack of overtime pay, the Defendants paid Plaintiff a portion of his earned wages in check and a portion of his wages in cash.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

15.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff.

16.    Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

17.    Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.    During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

19.    Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

20.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all hours worked above 40 in a workweek.

21.    Defendants did not compensate Plaintiff at a rate of one and one-half times his

3

regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

22.     Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

24.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

25.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

26.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

27.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in

4

excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

28.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

29.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week.

30.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  November 18, 2016               **JOSE L. FIGUEROA**

By:  /s/Carlos G. Becerra
     One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401

5

Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com